```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VERITIV OPERATING COMPANY,                      :
                    Petitioner,                 :
                                                :    ORDER TRANSFERRING
v.                                              :    MOTION
                                                :
CENTRAL NATIONAL GOTTESMAN, INC.                :    22 MC 250 (VB)
d/b/a Lindenmeyr Central,                       :
                    Respondent.                 :
--------------------------------------------------------------x
```

On September 2, 2022, petitioner Veritiv Operating Company ("Veritiv") initiated this miscellaneous case (Doc. #1), which arises from a third-party subpoena commanding respondent Central National Gottesman, Inc. ("CNG") to produce documents in this district for use in a civil action pending in the U.S. District Court for the Western District of Kentucky (the "Kentucky court"), entitled <u>Veritiv Operating Co. v. Phoenix Paper Wickliffe, LLC</u>, No. 5:21-cv-170 (W.D. Ky.). The subpoena is dated July 7, 2022, and was issued by the Kentucky court.

On September 12, 2022, Veritiv moved in this Court to compel compliance with the subpoena (the "Motion"), pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i). CNG filed an opposition on October 26, 2022 (Doc. #20), and Veritiv filed a reply on November 7, 2022 (Doc. #24).

On November 15, 2022, the Court directed CNG to advise the Court by letter whether it consents to a transfer of the Motion to the Kentucky court, pursuant to Fed. R. Civ. P. 45(f). (Doc. #30). On November 18, 2022, CNG filed a letter opposing a Rule 45(f) transfer. (Doc. #33). However, CNG stated if "the Court finds that 'exceptional circumstances' mandate transfer, . . . CNG will readily continue litigating the issues in this Motion as required before the Kentucky Court." (<u>Id</u>.)

For the following reasons, the Motion is hereby transferred to the Kentucky court pursuant to Rule 45(f).

1

## DISCUSSION

I.    <u>Legal Standard for Transfers Pursuant to Rule 45(f)</u>

Rule 45 governs out-of-district subpoenas. Under the rule, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be filed in the district court where compliance with the subpoena is required. Fed. R. Civ. P. 45(a)(2), (d)(2)(B)(i). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." <u>Id</u>. 45(f).

The Advisory Committee Notes to the 2013 amendment to Rule 45, which added Rule 45(f), clarify:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Courts in this circuit have transferred similar motions because of "the posture and complexity of the underlying rulings, . . . to avoid unnecessary delay[,] . . . where the judge in the underlying case has already been managing discovery, and where that judge has more knowledge of that case that would help resolve the issues." <u>See</u> <u>Honeywell Int'l Inc. v. Mazars USA LLP</u>, 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases from the Southern District of New York in support of a Rule 45 transfer).[1]

---

[1]    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

II.      <u>Application</u>

CNG opposes transferring the Motion to the Kentucky court because of "Senior Judge Russell's recent retirement, multiple recent reassignments of the case, and the current absence of a magistrate-judge appointment" in the Kentucky case, as well as the convenience to CNG of this Court deciding the Motion. (Doc. #33).

While CNG's arguments are not frivolous, in an exercise of its discretion, the Court concludes judicial economy and the Kentucky court's interest in managing the case in Kentucky clearly outweigh CNG's interest in resolving the Motion locally.

Here, a resolution of the Motion will directly impact complex discovery and dispositive issues central to the Kentucky case. Although familiarity with a case alone is not sufficient to constitute exceptional circumstances under Rule 45(f), "what would be exceptional is if discovery is complicated and involved." See <u>Drummond Co., Inc., Inc. v. VICE Media LLC</u>, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022). As Veritiv states, it initiated the Kentucky action once it learned defendant Phoenix Paper Wickliffe ("Phoenix") "had diverted one of Veritiv's largest customers to Veritiv's direct competitor, CNG," which is the subject of the Motion. (Doc. #3, at 4). The Kentucky court has already been handling discovery issues. In fact, after a conference on July 25, 2022, Magistrate Judge King granted Veritiv leave to file the instant Motion against CNG if the parties were "unable to resolve the dispute." (See Doc. #64 in <u>Veritiv Operating Co. v. Phoenix Paper Wickliffe, LLC</u>, No. 5:21-cv-170 (W.D. Ky.)).

Further, the Motion requires consideration of prior discovery in the Kentucky case, as well as determinations of relevance integral to that case. CNG opposes the Motion because it "has already complied with two subpoenas (one requesting documents and another requesting deposition) issued previously by the Kentucky Court upon Veritiv's request." (Doc. #33, at 1).

CNG also contends that the subpoena at issue "requests irrelevant business records." (Id.) This Court thus concludes the Kentucky court is "best equipped to answer whether th[e] information is of significant relevance to the case and whether the information . . . is obtainable elsewhere." See Drummond Co., Inc. v. VICE Media LLC, 2022 WL 445681, at *2.

Although the Court is mindful that there have been multiple district and magistrate judges assigned to the Kentucky case, resolution of that case necessarily entails similar—if not the same—issues presented by the Motion. Indeed, Veritiv recently filed another motion to compel against Phoenix, which is fully briefed and will be resolved by the Kentucky court. (See Docs. ##67, 70, 74 in Veritiv Operating Co. v. Phoenix Paper Wickliffe, LLC, No. 5:21-cv-170 (W.D. Ky.)).

Moreover, the Court finds that litigating the Motion in Kentucky would present little, if any, burden on CNG. First, the Motion has been fully briefed and thus will be transferred to the Kentucky court "teed up" for resolution. Second, under Rule 45(f), if the court where compliance is required transfers a motion to the issuing court, and "if the attorney for a person subject to the subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." Thus, if need be, CNG's counsel, who are members of the bar of this Court, may appear on the Motion as officers of the Kentucky court. Third, if "the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

In short, the Court concludes exceptional circumstances warrant a transfer of the Motion to the Kentucky court. To the extent an order issued by the Kentucky court must be enforced in this district, such order may be transferred to this Court as permitted by Rule 45(f).

The Clerk is instructed to transfer the Motion (Doc. # 8), as well as all other documents filed in this miscellaneous case, to the U.S. District Court for the Western District of Kentucky, to be resolved as part of the ongoing proceedings in Veritiv Operating Co. v. Phoenix Paper Wickliffe, LLC, No. 5:21-cv-170 (W.D. Ky.).

The Clerk is further instructed to keep the miscellaneous case open should the need arise to enforce an order issued by the Kentucky court.

By no later than January 23, 2023, counsel in this miscellaneous case shall provide a joint report by letter regarding the status of the Motion in the Kentucky court.

Dated: November 22, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge